This is an appeal from a decree admitting a will to probate. The hearing was had in the orphans court. The proponents of the will called the testamentary witnesses who testified that the will was regularly executed in due form by the decedent. No evidence of lack of testamentary capacity was presented but the caveators, who are the appellants in this court, contend that the will is invalid solely on the ground that the testator was incapable of reading the will and therefore was incapable of understanding the contents of the instrument he was signing.
The decedent was born in Greece and at the time of his death, shortly after the execution of the will, was sixty-four years old. He had been in this country for some thirty years. Two testamentary witnesses testified that one of the proponents wrote the will at the dictation of the decedent and that in the presence of the two proponents and the two testamentary witnesses decedent read it aloud in its entirety. If this testimony be accepted and true there can be no question as to the validity of the will. *Page 352 
It is the contention of the appellants that decedent could not read or write English at all and could speak it only in an extremely broken fashion and that therefore the testimony of the proponents and the testamentary witnesses is false and that the will was executed in pursuance of a conspiracy to impose on decedent in getting him to execute a document of which he did not know the meaning.
It would seem that decedent, who had been in the restaurant business and the pushcart business, had lived as a recluse for the last years of his life in a piece of property he owned in Jersey City. He seems to have formed a friendship for the two proponents, one of whom was a fellow Greek and the other a police officer. He does not seem to have been particularly friendly, if at all, with his next of kin, the caveators. There is therefore nothing inherently improbable or impossible in the terms of his will.
Unquestionably the decedent could not speak English with facility and the evidence would show that when possible he spoke Greek. But there is no satisfactory evidence that he could not read or write in English.
Accordingly, I am constrained to accept the direct testimony of the testamentary witnesses that the will was executed in the manner prescribed by law and the decree below will be affirmed. *Page 353